IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *AARON MURPHY,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-07788 |
| ) | |
| *WEXFORD HEALTH SOURCES, INC.,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE OR,
IN THE ALTERNATIVE, TRANSFER VENUE
AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS DUPLICATIVE OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS**

COMES NOW Defendant, Wexford Health Sources, Inc. ("Wexford"), by and through undersigned counsel, Sandberg Phoenix & von Gontard P.C., and moves the Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1406(a) or 1404(a), and moves the Court to dismiss this case as a duplicative case filing currently pending before the Seventh Circuit Court of Appeals or, in the alternative, stay proceedings until said appeal is resolved. In support of this motion, Wexford states as follows:

Motion to Dismiss for Improper Venue or, in the Alternative, Transfer Venue

1. This lawsuit should be dismissed for improper venue or, in the alternative, transferred to the Southern District of Illinois for two simple, straightforward reasons. First, it has only the *thinnest* of connections to the Northern District of Illinois solely by the current location of Plaintiff and his counsel. Second, the case is extensively connected to the Southern District of

12648398.1

Illinois where the records relevant to this matter are located, the witnesses reside, and where virtually all of the events giving rise to Plaintiff's claims did, or necessarily would have, occurred.

2. Where venue is improper, a case is appropriately dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff has not carried his burden of meeting the requirements of 28 U.S.C. § 1404(a) to remain in the Northern District of Illinois.

3. None of the alleged medical malpractice claims were committed in the Northern District of Illinois.

4. All related evidence and witnesses, other than Plaintiff, are located within the Southern District of Illinois.

5. Plaintiff's Complaint on its face fails to establish a connection between the alleged facts and the Northern District of Illinois.

6. The current location of Plaintiff and his counsel are insufficient to establish this matter should remain in the Northern District of Illinois.

7. Alternatively, should the court decline to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3), this Court has discretion to transfer this action to the Southern District of Illinois pursuant to 28 U.S.C. § 1406.

8. If this Court determines that venue is proper in the Northern District of Illinois, transfer is still warranted under 28 U.S.C. § 1404(a). "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Several factors must be met for an action to be transferred to another venue: "(1) venue is proper in this district; (2) venue [and jurisdiction are] proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of

12648398.1

justice." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 913 (N.D. Ill. 2009). Applying these standards, it is clear that a transfer to the Southern District of Illinois is warranted if not dismissed.

WHEREFORE, for the reasons set forth in this Motion and the contemporaneously filed Memorandum of Law in Support, the Court should enter an Order granting this motion and dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, transferring the case to the United States District Court for the Southern District Court of Illinois pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

<u>Motion to Dismiss as Duplicative or, in the Alternative, to Stay Proceedings</u>

9. Plaintiff originally filed his state law claim in the Southern District of Illinois, Case No. 3:18-cv-1077-JPG-MAB ("Initial Case"), in conjunction with a claim of constitutional violations in the form of deliberate indifference under 42 U.S.C. § 1983. Defendant properly requests this Court take judicial notice of the docket of the Initial Case.

10. On November 21, 2019, Plaintiff's constitutional violation claims against Wexford and a physician were dismissed with prejudice. Additionally, Plaintiff's state-law malpractice claims against both defendants were dismissed without prejudice. *See* Doc. 68 of Initial Case.

11. Immediately following the dismissal order, Plaintiff filed his Notice of Appeal as to "the judgment entered in this proceeding on November 21, 2019." Doc. 70 of Initial Case. This includes the state law claims he has now filed in the Northern District of Illinois.

12. Currently pending in the federal courts are an appeal and a district court matter regarding identical allegations against Wexford.

13. As a general rule, a federal suit may be dismissed "for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citing *Ridge Gold Standard Liquors v. Joseph E. Seagram,* 572 F.Supp. 1210, 1213 (N.D.Ill.1983)).

14. Plaintiff's Complaint should be dismissed in its entirety as it is duplicative of allegations already pending in another matter in the federal system.

15. In the alternative, this matter should be stayed pending resolution of the appeal of the identical matter in the Seventh Circuit Court of Appeals, Case No. 19-3310.

WHEREFORE, for the reasons set forth in this Motion and the contemporaneously filed Memorandum of Law in Support, the Court should enter an Order granting this motion and dismissing the Complaint as duplicative or, alternatively, stayed pending resolution of the appeal of the identical matter in the Seventh Circuit Court of Appeals, and for all other relief that may be deemed just and proper.

                SANDBERG PHOENIX & von GONTARD P.C.


      By:  */s/ Kevin K. Peek*
            Kevin K. Peek, #6328823
            600 Washington Avenue - 15th Floor
            St. Louis, MO 63101-1313
            314-231-3332
            314-241-7604 (Fax)
            kpeek@sandbergphoenix.com

            *Attorney for Defendant Wexford Health Sources, Inc.*

12648398.1

## Certificate of Service

I hereby certify that on the 24th day of December, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
*Attorneys for Plaintiff*

                                                  */s/ Kevin K. Peek*

12648398.1